IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

KUSELINA LISITONI

    PLAINTIFF

V.                                                   CIVIL CASE NO. AW-03-123

ANJIMILE MTILA DOKA, ET AL.

    DEFENDANTS

## ANSWER TO COMPLAINT

COMES NOW the Defendant, ANJIMILE MTILA DOKA, by undersigned counsel, and in response to the Complaint filed in the above case, does hereby respond as follows:

**Parties**:

1  Defendant does not admit or deny the allegations contained in paragraph number one (1).

2.  Defendant admits the allegations contained in paragraph number two (2) but, denies that she was the employer at all relevant times.

3.  Defendant neither admits or denies the allegations contained in paragraph number three (3).

4.  Defendant denies that she was a joint employer, which is the thrust of this allegation. Defendant cannot speak to the subjective perceptions of the Plaintiff but, pleads that those are irrelevant.

**Jurisdiction and Venue**

5.  Defendant concedes the court's jurisdiction.

6.  Defendant takes no current position on the appropriateness of including state claims.

7.  Defendant concedes that the Southern Division is the right venue.

**Statement of Facts**

8. Defendant denies these allegations. In fact, her children were already begin cared for by another. These allegations are fictitious and made in bad faith.

9. Defendant admits the allegations contained in paragraph number nine (9).

10. Defendant denies the allegations contained in paragraphs number ten (10) through fifteen (15). In fact, the Plaintiff came to the USA as a visitor, returned to Malawi to live with her own family and did not start work with the Defendant until May, 1997 in the USA.

11 Defendant admits the allegations contained in paragraph number sixteen (16) but, the "relevant period" is after May, 1997.

12. Defendant admits and denies, in part, the allegations contained in paragraphs number seventeen (17). In particular, the Defendant did not eat breakfast and was not home for lunch, among other meals.

13. Defendant denies the allegations contained in paragraphs eighteen (18) through twenty-two (22). In particular, there was no work for late night guests, a sister and especially, at children's dorms, which were far away. She did not work sixteen (16) hours a day, seven (7) days a week. This is fabricated and baseless.

14. With respect to paragraph number twenty-three (23), the Defendant admits the allegations as they pertain to the children but, not as to herself.

15. Defendant denies the allegations contained in paragraphs number twenty-four through twenty-seven (27). In particular, while the Plaintiff was recovering from surgery, Defendant placed her own child in day care. The rest of the allegations are far skewed from reality and are unrelated to this particular case. For example, there is no access code.

16. With respect to paragraph number twenty-eight (28), the Plaintiff did not receive shots but, she did, in fact, see a doctor.

17. Paragraphs number twenty-nine (29) through thirty-two (32) contain legal theories and not factual allegations suitable for this section of the Complaint, for the most part. With respect to number thirty (31), these hours were not exceeded.

18. Defendant denies the allegations contained in paragraph number thirty-three (33) through thirty five (35). In fact, CASA representatives took the Plaintiff away and believe that the minimum wage was not met, or overtime was not paid.

19. Defendant has no knowledge how this amount for medical bills was determined. She believes that all of it was covered by the insurance provided. The allegation is that it "should be" covered, which is really argumentative but, regardless, Defendant believes that it was.

20. Defendant denies the allegations contained in paragraph number thirty-seven (37).

21 Defendant admits the allegations contained in paragraph number thirty-eight (38).

22. Defendant denies the allegations contained in paragraph number thirty-nine (39).

**Count One**

23. Defendant reincorporates her prior answers with respect to paragraph forty (40).

24. Defendant denies the allegations contained in paragraphs number forty-one (41) through forty-six (46) and asks that the Count be dismissed with counsel fees paid by the Plaintiff, CASA and any other sponsoring organizations.

**Count Two**

25. Defendant reincorporates her prior answers with respect to paragraph forty-seven (47).

26. Defendant denies the allegations contained in paragraphs number forty-eight (48) through

fifty-three (53) and asks the Court to impose sanctions, fees and costs for bad faith allegation unrelated to the facts.

**Count Three**

27. Defendant reincorporates her prior answers with respect to paragraph Fifty-Four (54).

28. Defendant denies the allegations contained in paragraphs fifty-five (55) through fifty-nine (59).

**Count Four**

29. Defendant reincorporates her prior answers with respect to paragraph number sixty (60).

30. Defendant denies the allegations contained in paragraphs sixty-one (61) through sixty-four (64).

**Count Five**

31. Defendant reincorporates her prior answers with respect to paragraph number sixty-five (65).

32. Defendant denies the allegations contained in paragraphs sixty-six (66) through sixty-seven (67).

**Count Six**

33. Defendant reincorporates her prior answers with respect to paragraph number sixty-eight (68).

34. Defendant did receive a benefit from Plaintiff's work but, she was properly paid. Thus, Defendant admits the allegations contained in paragraph sixty-nine (69) but, denies the rest of the allegations in paragraphs seventy (70) to seventy-two (72).

WHEREFORE, the Defendant requests:

A. That the Complaint be dismissed,

B. That the Court make a finding of bad faith,

C. And that counsel fees and costs be assessed for the absurd and ridiculous monetary requests intended to intimidate the Defendant and essentially render the Plaintiff, an alleged domestic worker, a multimillionaire.

Respectfully Submitted

LAW OFFICES OF CHARLES F. CHESTER

BY: _____
Charles Frederick Chester Fed. Bar. No. 01419
One Metro Center
51 Monroe Place, Suite 707
Rockville, Maryland 20850
(301) 294-2500
Counsel to Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a copy of the foregoing Answer to Complaint was sent first class mail, postage prepaid this 28th day of March, 2003 to Sameer Ashar, Esq., University of Maryland School of Law Clinical Institute, 500 West Baltimore Street, Baltimore, Maryland 21201, Counsel to Plaintiff and on behalf of Co-Counsel with CASA and the Institute for Policy Studies.

_____
Charles F Chester