**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**Chambers of**
**Richard D. Bennett**
**United States District Judge**
**Northern Division**

320 U.S. Courthouse
101 W. Lombard Street
Baltimore, MD 21201
Tel: 410-962-3190
Fax: 410-962-3177

April 23, 2004

TO COUNSEL OF RECORD

    Re:    Lisitoni v. Doka, et al.
            Civil No. RDB 03-123

Dear Counsel:

    Attached is the Court's Memorandum Opinion and Order and Judgment granting in part and denying in part the motion for partial summary judgment filed by the Defendant, Anjimile Doka. There is still pending before the Court the motion of the Defendant Yahaya Doka challenging the jurisdiction of the Court. While the Court is still awaiting a response from Plaintiff's counsel on that motion, counsel are instructed to call my chambers with their availability for a conference call the week of April 26, 2004, for the purpose of scheduling a trial date in this matter.

                          Sincerely,

                          /s/
                          Richard D. Bennett
                          United States District Judge

RDB/skp

Attachment

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

KUSELINA LISITONI                       :
                                         :   Civil No. RDB 03-123
         v.                              :
                                         :
ANJIMILE MTILA DOKA, *et al.*            :

MEMORANDUM OPINION

In this civil action, Plaintiff Kuselina Lisitoni,[1] a former domestic worker, has sued Defendants Yahaya and Anjimile Doka for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA") (Count One), the Maryland Wage Payment Collection Law, Md. Code Ann., Lab. &. Empl., §§ 3-501, *et seq.* (Count Two), and the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl., §§ 3-401, *et seq.* (Count Three), as well as for intentional misrepresentation, assault, and unjust enrichment (Counts Four - Six). Before the Court is Defendant Anjimile Doka's motion for partial summary judgment on limitations and statutory grounds with respect to portions of Plaintiff's claims. In support of that motion, Ms. Doka has filed a memorandum of law without any exhibits. Plaintiff has filed an opposition memorandum without exhibits. Defendants Yahaya Doka and Anjimile Doka have each filed separate replies to that opposition.[2]

---

[1] The Court notes a discrepancy in the spelling of Plaintiff's first name in her Complaint and her Opposition to Defendant's Motion for Summary Judgment.

[2] In his reply memorandum, Mr. Doka states that he "supports" Ms. Doka's motion and opposes Plaintiff's arguments in her opposition. Mr. Doka also notes that he asserted the affirmative defense of limitations in his Answer to Plaintiff's Complaint. The Court's resolution of Ms. Doka's claim that portions of Plaintiff's claims are time-barred, as well as any other matters raised by Ms. Doka and decided by this Court as a matter of law, will necessarily affect Mr. Doka.

The Court has had an opportunity to review the pleadings and the memoranda submitted in support of and in opposition to Ms. Doka's pending motion. Oral argument is not necessary. *See* Local Rule 105.6 (D. Md. 2002). For the reasons stated herein, Defendant's motion for partial summary judgment will be granted in part and denied in part.

## Background

As neither party has submitted affidavits, deposition transcripts, or other documentary evidence, the Court derives the facts set forth below from the Complaint. Plaintiff Lisitoni was employed as a live-in domestic worker by Defendants from 1993 to 2002.[3] At the start of her employment in Malawi, Lisitoni's responsibilities involved providing care and supervision for the Dokas' five children. On June 13, 1993, she moved with the family to the United States. She contends that Defendants promised her that she would perform the same duties in the United States that she performed in Malawi, in exchange for which Defendants would pay her a wage, withhold

---

[3]Because Plaintiff's standing to sue is a threshold jurisdictional question that a district court must resolve prior to addressing the merits of the case, *see Warth v. Seldin*, 422 U.S. 490, 498 (1975), this Court requested supplemental briefing on that issue via Letter Order dated April 13, 2004. Defendant contends that Plaintiff resided in the United States during the time period pertinent to this suit pursuant to a G-5 visa. The G-5 visa is a nonimmigrant visa which allows attendants, servants, or personal employees of principal G-1, G-2, G-3, and G-4 visa holders to enter into the United States to render services to the principal G visa holder. *See* http://uscis.gov/graphics/services/visas.htm (April 21, 2004). Defendant Doka, who is a citizen of Malawi, was employed at the World Bank and resided in the United States pursuant to a G-5 visa. Regardless of Plaintiff's legal status within the United States, she has standing to bring a claim under the FLSA. *Patel v. Quality Inn S., Inc.*, 846 F.2d 700, 705 (11th Cir. 1988), *cert. denied*, 489 U.S. 1011 (1989) (even undocumented aliens are considered employees under the FLSA, and thus may bring actions under that statute). Defendant relies heavily *on Patel v. Sumani Corp.*, 660 F. Supp. 1528 (N.D. Ala. 1987), for the proposition that undocumented aliens lack standing to sue under the FLSA because they are not "individuals" within the meaning of the statute. However, Defendant's reliance on this case conspicuously overlooks that *Patel v. Sumani Corp.* was overruled by *Patel v. Quality Inn S., Inc.*

2

employment taxes, sponsor her for an immigration visa, allow her to study, provide health insurance, and allow her to obtain a driver's license. In 1996, she left the country to perform work-related duties overseas for Defendants. At some point thereafter, she returned with Defendants to the United States. The gravamen of Lisitoni's claims is that, contrary to Defendant's representations, her work duties expanded to encompass cooking, laundry and cleaning for the entire family and their guests, while her compensation remained meager. Lisitoni claims that she was paid $350 in 1993, $600 in 1994, $3,000 in 1995, $3,600 in 1995, 1996, 1998, 1999, and 200, and $4,200 in 2001. She claims that she was not paid at all in 1997 or 2002. She claims that Defendants caused her to work sixteen hour days, seven days per week and that she was not permitted to nap, have days off, use the telephone, have visitors, go to church, or leave the house without permission.

Lisitoni left Defendants' employ on June 22, 2002. She filed the instant action on January 14, 2003 seeking compensatory damages (including those for back pay and overtime for the period of her employment), punitive damages, interest, attorneys' fees, and costs of suit.

<u>Legal Standard for Summary Judgment</u>

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment as a matter of law. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that, in considering a motion for summary judgment, "the judge's function is . . . to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable [fact finder] could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether

3

a fair-minded [fact finder] could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252. In this inquiry, a court must view the facts and the reasonable inferences therefrom "in the light most favorable to the party opposing the motion," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), but the opponent must present evidence upon which a reasonable finder of fact could rely. "When the moving party has met its responsibility of identifying the basis for its motion, the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *White v. Rockingham Radiologists, Ltd.*, 820 F.2d 98, 101 (4th Cir. 1987) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); Fed. R. Civ. P. 56(e)). The existence of a mere "scintilla" of evidence in support of the nonmoving party's case is insufficient to preclude an order granting summary judgment. *Anderson*, 477 U.S. at 252.

## Analysis

In her motion for partial summary judgment, Defendant Anjimile Doka raises two primary arguments with respect to Plaintiff's claims. First, she argues that Plaintiff is not an employee whose claims for minimum wages and overtime are covered by the FLSA. Second, she argues that significant portions of Lisitoni's federal and state claims are time-barred.

A. <u>Minimum Wage and Maximum Hour Protections of the Fair Labor Standards Act</u>

Section 206(f)(1) of the FLSA provides that any employee "who in any workweek is employed in domestic service in a household" shall be paid a minimum hourly wage, with certain exceptions not pertinent here. 29 U.S.C. § 206(f)(1). Section 207(l) of the Act prohibits an employer from employing an employee in domestic service for a workweek longer than forty hours unless such employee receives overtime compensation for such hours at a rate not less than one and one-half times the regular rate at

4


which she is employed. 29 U.S.C. §§ 207(l), 207(a)(1). However, section 213(b)(21) of the Act exempts from the provisions of section 207 "any employee who is employed in domestic service in a household and who resides in such household." Plaintiff concedes that she is precluded from seeking overtime compensation, and accordingly, the Court will grant Defendant's motion for summary judgment as to Plaintiff's claim under section 207 in Count I of her Complaint.

Defendant additionally contends that section 213(a)(15) of the FLSA precludes Plaintiff from claiming the minimum wage and maximum hour protections of the Act. That section exempts from sections 206 and 207

> any employee employed on a casual basis in domestic service employment to provide babysitting services . . . (as such terms are defined and delimited by regulations of the Secretary).

29 U.S.C. § 213(a)(15). Defendant argues that Plaintiff is subject to this exemption because she alleged in the Complaint that she served in a domestic capacity and primarily provided care for Defendants' minor children while residing in Defendants' home. As Plaintiff aptly notes, however, section 213(a)(15) relates only to employees who provide babysitting services on a "casual basis." Persons who provide care to babies and young children are babysitters. *See* 29 C.F.R. § 552.106. Babysitting services provided on a casual basis are those that are "irregular or intermittent," and are not performed by an individual whose vocation is babysitting. 29 C.F.R. § 552.5.

Plaintiff has alleged in her Complaint that she was the primary caretaker for the children, who ranged in age from four to twenty, and dressed, fed and supervised them when they were not at school. *See* Compl. ¶¶ 8, 16, 23. Defendants admit that Plaintiff was the primary childcare provider for her five children and performed those tasks after May 1997. Answer ¶ 11. Therefore, Plaintiff's duties with

5

respect to the children can hardly be characterized as "irregular or intermittent" babysitting, and summary judgment with respect to Plaintiff's minimum wage claim under the FLSA is not appropriate. Plaintiff was not "employed on a casual basis," and her claim is not subject to the particular exemption.

This Court's conclusion is bolstered by Plaintiff's allegations that her domestic duties, which included cleaning, cooking and laundry for the entire family, required her to routinely work sixteen hours per day, seven days per week. *See* Compl. ¶¶ 17-23, 31. The FLSA specifically contemplates that live-in domestic employees performing similar services would be protected by the minimum wage laws, regardless of the exemptions in section 213, and notes that such persons are entitled to the minimum wage rate for all hours worked. *See* 29 C.F.R. § 552.102(a).

For the foregoing reasons, Defendant's motion for summary judgment with respect to Plaintiff's minimum wage claim under the FLSA in Count One will be denied.

B.   Statute of Limitations

Defendant next argues that any claim for unpaid minimum wages pursuant to the FLSA prior to January 14, 2001 is barred by the statute of limitations contained in section 255 of the Act. Defendant further contends that Plaintiff's state statutory and common law claims that accrued prior to January 14, 2000 are time-barred pursuant to the general Maryland statute of limitations.

1.   The FLSA Claim

Section 255 of the FLSA provides in pertinent part that,

[a]ny action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages . . . under the [FLSA] . . . –

> (a) if the cause of action accrues on or after May 14, 1947 – may be commenced within two years after the cause of action accrued, and every

6

>such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued . . . ."

29 U.S.C. § 255(a). Straightforward application of section 255 would confine Plaintiff's possible recovery to any unpaid minimum wages and other statutory damages for the two or three years prior to her filing this action on January 14, 2003, depending upon whether the alleged violation of the Act was willful.

### a.  Equitable Tolling

Plaintiff, however, seeks to circumvent the statute by arguing that she is entitled to equitable tolling of the statute of limitations. "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Recognizing this principle, courts have reserved equitable tolling for "those rare instances where -- due to circumstances external to the party's own conduct -- it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* The doctrine has been applied in "situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dept. of Veterans*, 498 U.S. 89, 96 (1990); *see also Lane v. Wal-Mart Stores East., Inc.*, 69 F. Supp.2d 749, 754 (D.Md. 1999). In addition, equitable tolling has been applied where "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Harris*, 209 F.3d at 330 (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)). However, courts are loath to toll a statute of limitations where the plaintiff has been less than

diligent in preserving her legal rights. *Id.*

In the instant case, where Defendant has moved for dismissal on limitations grounds, it is Plaintiff's burden to come forward with specific evidentiary facts that support her claim that the filing period had been tolled. Rule 56(e) of the Federal Rules of Civil Procedure provides in pertinent part that,

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Fed. R. Civ. P. 56(e). Plaintiff asserts that she was excusably ignorant of her claims prior to January 14, 2001 because she is an immigrant with no formal education and because the circumstances of her employment prevented her from learning about her legal rights and taking appropriate action. Specifically, Plaintiff asserts that Defendant kept her isolated from other persons during the entire course of her employment and prohibited her from using the telephone, having visitors, or leaving the house without permission. *See* Compl. ¶¶ 24, 25

Plaintiff's theory, however, is predicated solely upon the allegations in her Complaint. The record before the Court is devoid of testimony or other evidence showing the terms and conditions of Plaintiff's employment. Similarly, Plaintiff has not offered evidence that she was in any way restrained from taking action upon her claims, including the filing of this lawsuit. Accordingly, with respect to the federal claim under the FLSA and the question of limitations, Plaintiff is not entitled to equitable tolling. Plaintiff's federal minimum wage claims prior to January 14, 2000 or January 14, 2001, depending upon the Court's

resolution of the next issue, are time-barred.[4]

        b.    <u>Willful Violation of the FLSA</u>

Plaintiff alternatively argues in her Opposition that she is entitled to a three-year statute of limitations under section 255(a) of the FLSA due to Defendant's willful violation of the Act. To obtain the benefit of the three-year limitations period, Plaintiff must demonstrate that Defendant's conduct was willful, as that term has been defined in *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111 (1985). A violation of the FLSA is willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

In her Complaint, Plaintiff has alleged that Defendants willfully violated the FLSA. *See* Compl. ¶ 44. Defendant has failed to carry her burden of establishing no genuine issue of material fact and that the two-year limitations period applies as a matter of law. Moreover, the Court does not find that this issue is appropriate for resolution in the context of a motion for summary judgment. Resolution of the question of willfulness, like other issues of fact bearing on the application of the statute of limitations, is an issue of fact for determination by the jury. *Fowler v. Land Management Groupe, Inc.* 978 F.2d 158, 162-63 (4th Cir. 1992). Thus, Defendant's motion for summary judgment will be denied to the extent she seeks to limit Plaintiff's claims to those that accrued after January 14, 2001. At present, only Plaintiff's claims

---

[4]Plaintiff's claims under Maryland law are not subject to the common law doctrine of equitable tolling. "Absent legislative creation of an exception to the statute of limitations, we will not allow any 'implied and equitable exception to be engrafted upon it.'" *Hecht v. Resolution Trust Corp.*, 333 Md. 324, 333, 635 A.2d 394, 399 (1994) (quoting *Booth Glass Co. v. Huntingfield Corp.*, 304 Md. 615, 623, 500 A.2d 641 (1985)).

that accrued prior to January 14, 2000 are time-barred.

### 2. The State Law Claims

Plaintiff's claims under the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. &. Empl., §§ 3-501, *et seq.* (Count Two), and the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl., §§ 3-401, *et seq.* (Count Three), as well as her claims for intentional misrepresentation (Count Four) and unjust enrichment (Count Six), are governed by the general three-year statute of limitations set forth in Md. Code Ann., Cts. & Jud. Proc. § 5-101. With respect to the general application of the general three-year statute of limitations, it is well established that a "cause of action accrues when a plaintiff in fact knows or reasonably should know of the wrong" that gives rise to her claims. *Hecht v. Resolution Trust Corporation,* 333 Md. 324, 334, 635 A.2d 394, 399 (1994)(citing *Poffenberger v. Risser,* 290 Md. 631, 636, 431 A.2d 677, 680 (1981)). This "discovery rule," as it is known, rests on the notion that limitations on the time within which a claim must be brought should not begin to run until the plaintiff has notice of her claim, defined as

> express cognition, or awareness implied from "knowledge of circumstances which ought to have put a person of ordinary prudence on inquiry [thus, charging the individual] with notice of all facts which such an investigation would in all probability have disclosed if it had been properly pursued."

*Poffenberger,* 290 Md. at 637, 431 A.2d at 681 (quoting *Baynard v. Norris,* 5 Gill. 468, 483, 46 Am. Dec. 647; *Higgins v. Lodge,* 68 Md. 229, 235, 11 A. 846, 6 Am. St. Rep. 437).

In this case, Plaintiff claims that Defendants paid her $350 in 1993, $600 in 1994, $3,000 in 1995, $3,600 in 1996, 1998, 1999, and 2001, $4,200 in 2001, and $0 in 1997 and 2002. Compl. ¶ 14. In 1997, when she was not paid, Plaintiff either knew or should have known that she suffered injury giving rise

to claims for unjust enrichment and the statutory violations. As of 1997, Plaintiff was on notice of her claims. She did not file suit, however, until January 14, 2003. Therefore, Plaintiff's claims for unjust enrichment, violation of the Maryland Wage Payment and Collection Law, and violation of the Maryland Wage and Hour Law that accrued prior to January 14, 2000 are time-barred.

Plaintiff's claim for intentional misrepresentation in Count Four is similarly governed by the three-year statute of limitations. In paragraph 61 of the Complaint, Plaintiff alleges that "Defendants made false representations . . . in reference to material facts related, *inter alia*, to the scope of Plaintiff's employment, her duties as a domestic employee for Defendants, the amount of wages and benefits Plaintiff would receive, her ability to study and attend school, her ability to have and spend free time outside of the Defendants' home, and the Defendants' sponsorship of Plaintiff for an immigration visa . . . ." In paragraphs 9, 10 and 11 of the Complaint, Plaintiff alleges that *in 1993*, Defendants promised Plaintiff "that her employment would include the same duties that she had performed in Malawi" and, *within the first month of her employment in the United States*, promised "that they would pay her a wage, withhold employment taxes, sponsor her for an immigration visa, allow her . . . to study in the United States, provide her with health insurance, and provide her the opportunity to obtain a driver's license." In 1996, when Plaintiff applied for a G-5 visa to return to the United States, Defendants instructed her to tell U.S. Immigration officials that she would be paid $3,000 per month. Compl. ¶ 12. When Plaintiff arrived back in the U.S., Defendants allegedly represented that they would increase her pay over time. *Id.* ¶ 13. Because Plaintiff's claim for intentional misrepresentation accrued well before January 14, 2000 (three years prior to the date the Complaint was filed), as a matter of law, it is time-barred.

Plaintiff's claim for assault in Count Five is governed by the one-year statute of limitations set forth

11

in Md. Code Ann., Cts. & Jud. Proc. § 5-105. Plaintiff's assault claim is one for verbal abuse by Defendant Anjimile Doka during the entire course of the employment relationship. However, a claim of assault accrues at the time of the commission of the assault. Therefore, any claim for assault that accrued prior to January 14, 2002 is time-barred.

## Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment with respect to Plaintiff's *overtime* claim in Count One of the Complaint will be granted, and Plaintiff's *minimum wage* FLSA claim in Count One will be limited to minimum wages owed from January 14, 2000 until the date of termination of Plaintiff's employment with Defendants. Plaintiff's claims under the Maryland Wage Payment and Collection Law (Count Two) and the Maryland Wage and Hour Law (Count Three) and her claim for unjust enrichment (Count Six) will be limited to those that accrued on or after January 14, 2000. Plaintiff's claim for assault (Count Five) will be limited to any claim that accrued on or after January 14, 2002. Plaintiff's claim for intentional misrepresentation (Count Four) is time-barred. An appropriate order follows.


April 23, 2004                                             /s/_____
                                                           Richard D. Bennett
                                                           United States District Judge

12